IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

| | | |
|---|---|---|
| WILLIAM WELCH ESTATE, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | No. 5:09CV00354 SWW |
| | * | |
| PRINCIPAL LIFE INSURANCE COMPANY | * | |
| and THELMA NELSON, | * | |
| | * | |
| | * | |
| Defendants. | * | |

**Order**

Plaintiff filed this complaint in Chicot County Circuit Court on November 12, 2009, and Separate Defendant Principal Life Insurance Company ("Principal Life") removed it to this Court on the same date. According to Principal Life, the Court has subject matter jurisdiction because the plaintiff seeks to recover benefits under an employee welfare benefit plan subject to and governed by the provisions of the Employee Retirement Income Security Act of 1974, as amended ("ERISA").

"Any party or the court may, at any time, raise the issue of subject matter jurisdiction." *GMAC Commercial Finance LLC v. Dillard Dep't Stores, Inc.,* 357 F.3d 827, 828 (8th Cir.2004). "[T]he general rule in an ERISA action is that a cause of action accrues after a claim for benefits has been made and has been formally denied." *Union Pacific R. Co. v. Beckham,* 138 F.3d 325, 330 (8th Cir. 1998).[1]  In this case, plaintiff does not claim Principal Life breached its fiduciary duty or

---

[1] "[A]n ERISA beneficiary's cause of action accrues before a formal denial, and even before a claim for benefits is filed, "when there has been a repudiation by the fiduciary which is *clear* and made known to the beneficiar[y]." *Miles v. New York State Teamsters Conf. Pension & Retirement Fund Employee Pension*

otherwise violated ERISA.  Instead, plaintiff and Principal Life seek to have this Court decide to whom the proceeds under a group life insurance policy should be issued.  The Court finds there is no ERISA claim presently before the Court and, therefore, the Court has no jurisdiction.

The Court remands this action to state court.  The Clerk is directed to disburse the funds held in the registry to Principal Life plus accrued interest, less the registry fee.

DATED this 18th day of October, 2010.

/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE

---

*Benefit Plan,* 698 F.2d 593, 598 (2d Cir.1983) (quotations and citations omitted); *see also Daill v. Sheet Metal Workers' Local 73 Pension Fund,* 100 F.3d 62, 66 (7th Cir.1996) ("a cause of action accrues upon a clear and unequivocal repudiation of rights under the pension plan which has been made known to the beneficiary," even if such repudiation occurs prior to the beneficiary's submission of a formal claim); *Schroeder v. Phillips Petroleum Co.,* 970 F.2d 419, 420 (8th Cir.1992) (per curiam) (agreeing with district court that cause of action accrued in 1986, when beneficiaries were clearly aware that they would not receive benefits, despite fact that beneficiaries had not yet filed applications for benefits); *Martin v. Construction Laborer's Pension Trust,* 947 F.2d 1381, 1385 (9th Cir.1991) (cause of action accrues upon a "clear and continuing repudiation of [the beneficiary's] claim"); *Cotter,* 898 F.2d at 429 (absent a formal claim and a formal denial of the claim, a beneficiary's cause of action accrues at "the time at which some event other than a denial of a claim should have alerted [the beneficiary] to his entitlement to the benefits he did not receive").
*Union Pacific R. Co. v. Beckham,*138 F.3d 325, 330-331 (8th Cir. 1998).